(80 South. 595)

No. 22931.

DELORD v. LOZES et al.

(Jan. 6, 1919.)

*(Syllabus by Editorial Staff.)*

INSANE PERSONS ⚖=2—INTERDICTION—EVIDENCE.

In a suit for partition in which some of the defendants alleged the mental incapacity of a co-defendant and sought her interdiction, a judgment of nonsuit as on trial judge's conclusion that such codefendant was mentally incapable of managing her affairs, and hence was not before court, *held* not supported by the evidence.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit for partition by Mrs. Eugenie Lozes Delord, widow of Peter Delord, against Sidonie Lozes, Felicien Lozes, and others, in which the other defendants sought an interdiction against defendant Sidonie Lozes. From a judgment of nonsuit, plaintiff and Sidonie Lozes appeal. Judgment annulled, and case remanded to civil district court for a decision on the merits.

Daniel Wendling, of New Orleans, for appellant Delord.

H. W. Robinson, of New Orleans, for appellant Sidonie Lozes.

James C. Henriques, of New Orleans, for appellees.

O'NIELL, J. This suit was brought to effect a partition of real estate owned jointly by the plaintiff and defendants. One of the defendants, Miss Sidonie Lozes, in her answer, merely submitted the matter to the court. The other defendants excepted to the suit, averring that Miss Sidonie Lozes was mentally incapable of attending to her own affairs or of managing her estate, and that she should be interdicted. Answering the suit, they repeated the plea that Miss Sidonie Lozes should be interdicted and have a curator appointed to represent her; and they denied and put at issue the principal allegations of the petition. The case having been tried and submitted, the court rendered a judgment of nonsuit against the plaintiff, for the reason solely that the judge had concluded from the evidence that Miss Sidonie Lozes was mentally incapable of managing her affairs and was therefore not properly before the court. The plaintiff and Miss Sidonie Lozes have appealed from the judgment.

We need not decide the question whether a suit against a person who appears to be mentally incapable of managing his or her affairs, but who has not been interdicted, should be dismissed on that account; because the evidence in this case does not convince us that Miss Lozes is a subject for interdiction. She was called to the witness stand by counsel for the other defendants

and cross-examined at length, to test her mental faculties; and her answers, though not always accurate, were generally and in most part correct. Every answer was responsive and appropriate. We think that the relevancy of the answer to each question propounded—not an inaccuracy or error here and there—is the best test of the mental condition of the witness. The evidence shows that Miss Lozes is 76 years of age and of very unassuming disposition, having spent the better part of her life in her home, taking little or no interest in what went on outside, and looking mainly to her sister, the plaintiff here, for the management of her financial affairs. It does not appear that she is not capable of taking care of her personal affairs. On the contrary, there is affirmative proof that she is able to attend to her own affairs. Two doctors, experts on mental diseases, were selected, one by the plaintiff and the other by the defendants (other than Miss Sidonie Lozes), to inquire into her mental condition. Although both doctors examined her, only the one chosen by the plaintiff was called as a witness in the case. He testified that Miss Lozes was of normal mentality and of sufficient intelligence to manage her own affairs. He testified that the alienist selected by the defendants had made the examination with him; but, when he was asked whether the opinion expressed by the other alienist coincided with his own, the attorney for the defendants objected, and the court sustained the objection, that the best evidence of the other doctor's opinion would be his testimony on the subject. From the objection made and from the defendants' omission thereafter to have the other doctor testify, we presume that his opinion was the same as that of the doctor who did testify.

The judgment appealed from is annulled, and it is ordered that the case be remanded to the civil district court for a decision on the merits. The costs of this appeal are to be borne by appellees; the costs of the district court are to depend upon the final judgment.

DAWKINS, J., takes no part.